**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBERT E PERDUE, | DOCKET NUMBER |
| Appellant, | AT-0752-24-0275-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: March 25, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert E. Perdue</u>, Citra, Florida, pro se.

<u>Heather G. Blackmon</u>, Esquire, and <u>Benjamin K. Reynolds</u>, Esquire, Tampa, Florida, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to address the appellant's allegations that the agency's failure to address his February 2023 hostile work environment complaint and reassignment request was not coercive, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant argues that the administrative judge erred in not considering that the agency failed to address his February 2023 complaint that he was subjected to a hostile work environment and his request for a reassignment. Petition for Review (PFR) File, Tab 2 at 4, 11. He argues that as a result the administrative judge erroneously determined that his allegations of a hostile work environment postdated the misconduct allegations against him that formed the basis of the agency's removal action and therefore his claims were essentially fabricated and not credible. *Id.*; Initial Appeal File (IAF), Tab 31, Initial Decision (ID) at 8-9. Specifically, the appellant points to a February 28, 2023 "resignation letter" that he alleges he gave to his supervisor, which stated that he was resigning due to a "conflict of duty assignment" and a hostile work environment. IAF, Tab 1 at 9; PFR File, Tab 2 at 4, 11, 23. He clarifies for the first time on review that he was requesting a reassignment and not resigning, and that his supervisor responded with a racial slur and that he should quit because he was not going to be reassigned. PFR File, Tab 2 at 4. Because the administrative

judge did not specifically discuss the appellant's February 2023 allegation of a hostile work environment and his vague claim that he was denied a reassignment, we do so now.[2]

The appellant alleges that he was subjected to a hostile work environment because the witnesses that complained about his misconduct, K.M., D.E., J.W., S.B., and D.M., cursed, yelled, were combative, and disobeyed his direct orders as the work leader when he was relaying instructions and assignments from supervisors. IAF, Tab 4 at 41. The appellant's claim, even if true and when considered in combination with the agency's other alleged improper actions, is insufficient to demonstrate that his July 14, 2023 resignation was involuntary. An employee is not guaranteed a stress-free working environment. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15, *aff'd per curiam*, 469 F. App'x 852 (Fed. Cir. 2011). Dissatisfaction with work assignments, a feeling of being unfairly criticized, and difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Id.*; *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶¶ 27, 32 (2000) (finding that, among other things, being denied a reassignment would not coerce a reasonable employee to resign).

Moreover, even after considering the appellant's February 28, 2023 complaint of a hostile work environment and a denied reassignment, we agree with the administrative judge's finding that the timing of the appellant's allegations of harassment against the complaining witnesses and management suggests that he was merely attempting to rebut the misconduct allegations against him and are not credible. ID at 8-9. For instance, according to the agency's investigation, on February 9, 2023, S.B. reported to his supervisor that

---

[2] Throughout the period relevant to this appeal and in the proceeding below, the appellant consistently referred to this request as a "resignation," as opposed a request for a reassignment to another position. *See, e.g.*, IAF, Tab 1 at 3, 9, Tab 17 at 36-38. Nevertheless, in his initial appeal it appears that he tried to raise the issue that he was denied a reassignment when he alleges that after he submitted this letter, he was not given a "lower grade and position." IAF, Tab 1 at 3. Thus, we consider his allegations here.

on February 4, the appellant made inappropriate sexual comments regarding their female coworkers' breasts and suggested that S.B. make false allegations against a supervisor to get him "off [his] back."[3] IAF, Tab 4 at 96-97, 122-123, 167-68. The allegations concerning the appellant's inappropriate sexual comments were corroborated by K.M.'s, D.E.'s, and D.M.'s statements. *Id.* at 97, 119-20, 169-71, 172-73. In addition, the allegation that the appellant made false accusations in order to deflect accusations against himself was corroborated by D.M.'s statement that he "overheard [the appellant] stating that if you have a problem with management all you have to do is keep writing emails and that will set you up for a lawsuit because that was something he did" and that the appellant had solicited him on March 14, 2023, to complain about inappropriate sexual behavior by K.M. and D.E. but that D.M. had refused to do so. *Id.* at 172. Shortly thereafter, the appellant alleged on February 28, 2023, that he was subjected to a hostile work environment by all the complaining witnesses; on March 14, that he was subjected to sexual harassment by K.M. and D.E.; and on March 16, that he was assaulted by J.W.[4] IAF, Tab 1 at 9, 23, 25, Tab 4 at 24. Then, many months after his resignation, in January 2024, the appellant alleged that his supervisors and the proposing official extorted him from February through April 2023. IAF, Tab 4 at 24.

Moreover, in determining that the appellant failed to establish that the agency's allegations against him in the pending removal action could not be substantiated and that the appellant was not credible, the administrative judge

---

[3] The later allegation formed the basis of the agency's first specification of conduct unbecoming a Federal employee. IAF, Tab 4 at 80.

[4] The administrative judge incorrectly stated that the appellant complained that S.B. assaulted him, when he complained that J.W. assaulted him. ID at 9-10. Nevertheless, like S.B., J.W. was a witness to the appellant's alleged misconduct and participated in the agency's investigation into the same. IAF, Tab 4 at 97, 98, 115, 120. Thus, because we discern no error with the administrative judge's analysis or finding that the appellant's harassment complaints are not credible, we find that any such error is harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

weighed various factors including that the complaining witnesses' statements put them at risk of retaliation by the appellant, the detailed and contemporaneous nature of the complaining witnesses' statements, and that they were closely aligned with the written statements provided by the other witnesses.[5]  ID at 7-8, 10; *see Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (articulating factors for assessing the probative value of hearsay evidence).  Thus, we agree with the administrative judge's finding that the timing and nature of the appellant's complaints of an intolerable and hostile work environment suggest that they were fabricated to avoid discipline for his own misconduct and thus were not credible.  Accordingly, we agree that the appellant has not established that his resignation was coerced.

Because we lack jurisdiction over the appellant's alleged involuntary resignation, we also lack jurisdiction over his discrimination and prohibited personnel practices claims.  PFR File, Tab 2 at 4-5, 7-9; *See Fahrenbacher v. Department of Veterans Affairs*, 89 M.S.P.R. 260, ¶ 9 (2001) (explaining that the Board can only review an appellant's claims of discrimination if he established jurisdiction over his alleged involuntary retirement); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (observing that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).  Accordingly, we affirm the initial decision dismissing the appellant's appeal for lack of Board jurisdiction.[6]

---

[5] For the first time on review, in what appears to be an effort to discredit complaining witness S.B., the appellant argues that S.B. is no longer an agency employee, was a poor performer, and had a shorter tenure than the appellant.  PFR File, Tab 2 at 5-6.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016).  The appellant has not made such a showing here, and thus we have not considered this argument.

[6] In light of our disposition here, we find it unnecessary to rule on the appellant's motion to accept his petition for review as timely.  PFR File, Tab 5.

**NOTICE OF APPEAL RIGHTS**[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.